UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AGIM MEHAJ,

    Plaintiff,

v.                                                                    Case No. 8:23-cv-109-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1957, has a high school education, and has past relevant work experience as a restaurant host, a sales route driver, and a dining room attendant. (R. 27, 41, 43). In July 2019, the Plaintiff applied for DIB, alleging disability as of January 2017 due to chronic fatigue, persistent asthma, an ear condition, bilateral leg pain, obstructive sleep apnea, weakness and pain in both arms,

---

[1] Mr. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

chronic pain in both shoulders and the thoracic spine, and a heart condition with an implanted pacemaker/defibrillator. (R. 62–63). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 72, 86).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in August 2021. (R. 34–59, 122–23). The Plaintiff was represented by counsel at that proceeding and testified on his own behalf. (R. 34–59). A vocational expert (VE) also testified. (R. 53–58).

In a decision issued in February 2022, the ALJ determined that the Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date in January 2017; (2) had the severe impairments of asthma, cardiac arrhythmias, ischemic heart disease, and bilateral shoulder dysfunction; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[2] (4) had the residual functional capacity (RFC) to perform light work with additional physical and environmental limitations; and (5) based on the VE's testimony, could engage in his past relevant work as a restaurant host and as a sales route driver. (R. 20–28). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 28).

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction(s) match an impairment in the listings, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

The Appeals Council denied the Plaintiff's request for review. (R. 6–11). Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

## II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his

---

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c; 20 C.F.R. § 404.1520(a)(4)). Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove he cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (internal

quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore*, 405 F.3d at 1211). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

### III.

The Plaintiff raises two challenges on appeal: (1) the ALJ erred by relying on the VE's testimony in concluding that the Plaintiff could perform his prior job as a restaurant host; and (2) the ALJ also erred in evaluating whether the Plaintiff's previous position as a sales driver constituted substantial gainful activity and therefore past relevant work. (Doc. 16).[5] Upon careful review of the parties' submissions and the record, the Court finds that the Plaintiff's first challenge is meritless and that affirmance of the Commissioner's disability determination is warranted on that basis alone.

As discussed above, one of the ALJ's functions at step four is to determine whether a claimant can engage in his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In rendering this assessment, an ALJ must consider all the duties and responsibilities of a claimant's prior jobs and evaluate his ability to fulfill those

---

[5] The Court has reordered the Plaintiff's challenges for purposes of its analysis.

demands despite his impairments. *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 953 (11th Cir. 2018) (per curiam) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990)). The burden is ultimately on a claimant to produce information and evidence regarding his employment background and to establish that he cannot perform his past relevant work. *Smith*, 743 F. App'x at 953–54; *Fries v. Comm'r of Soc. Sec. Admin.*, 196 F. App'x 827, 831 (11th Cir. 2006) (per curiam); 20 C.F.R. § 404.1512(a)(1)(iv).

The Regulations define past relevant work as a claimant's past *kind* of work, not merely the specific job he previously held. *Smith*, 743 F. App'x at 953 (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (per curiam); 20 C.F.R. § 404.1520(e)); 20 C.F.R. § 404.1560. As a result, a claimant must demonstrate that he cannot satisfy the requirements of the same position as he actually engaged in it *and* as it is generally performed in the national economy. *Smith*, 743 F. App'x at 953–54 (citing *Jackson*, 801 F.2d at 1293–94); *Nava v. Berryhill*, 2019 WL 92620, at *8 (M.D. Fla. Jan. 3, 2019) (citation omitted).

While the onus falls on a claimant to make such a showing, the ALJ has a concomitant obligation to develop a full and fair record regarding the prerequisites for a claimant's prior occupations. *See Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (per curiam) (quoting *Schnorr v. Bowen,* 816 F.2d 578 (11th Cir. 1987)); *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986) (per curiam). The Regulations allow an ALJ to use a VE in resolving this issue because such experts are

qualified to "'offer relevant evidence within [their] expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (per curiam) (quoting 20 C.F.R. § 404.1560(b)(2)).

Here, the Plaintiff tendered information about his former job as a restaurant host through his testimony before the ALJ and in work history reports he submitted in connection with his disability application. The Plaintiff stated at the hearing that he was employed as a busboy at Olive Garden but that after taking a hiatus for shoulder and heart surgery, he returned to work at that establishment as a host. (R. 46). When asked about his duties in that capacity, the Plaintiff responded that he was responsible for "show[ing] people where to go, to sit them down" and, if needed, "to put two tables together . . . for bigger groups or . . . to bring chairs that are higher than normal . . . stuff like that." (R. 47–48).

In his work history reports, the Plaintiff similarly explained that his tasks as a restaurant host entailed seating people, arranging tables for customers, and carrying highchairs. (R. 572). The Plaintiff also described his position as requiring walking and standing for eight hours per day and lifting up to twenty-five pounds frequently. *Id*. Of significance here, the Plaintiff additionally advised that he did not supervise other employees as part of his job. *Id*.

7

At the hearing, the VE classified the Plaintiff's occupation under the Dictionary of Occupation Titles (DOT)[6] as a restaurant host, DOT # 310.137-010, which the VE explained was a skilled position with a Specific Vocational Preparation (SVP)[7] of six that involved light exertion and the supervision of waitstaff. (R. 55). As the latter responsibility was not a component of the Plaintiff's Olive Garden hosting job, the VE found that "the reduced range of duties with this position"—presumably as performed by the Plaintiff—"would take it down to [an SVP of] [four], semi-skilled."[8] *Id.* When the ALJ thereafter inquired of the VE as to what a hypothetical person with the Plaintiff's restrictions could do, the VE testified that such an individual could engage in the "past job as the host." (R. 56). In rendering this opinion, the VE did not distinguish whether the Plaintiff could do his past relevant work as he actually engaged in it or as it was customarily performed.

---

[6] "The DOT is an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2. The DOT is published by the Department of Labor and "is used by the Commissioner . . . to adjudicate benefit applications by claimants." *Viverette*, 13 F.4th at 1311 (citing 20 C.F.R. § 416.966(d)(1)).

[7] An SVP level is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." U.S. Dep't of Labor, DOT, App'x C, Components of the Definition Trailer, § II, 1991 WL 688702 (G.P.O. 4th ed. 1991).

[8] SVP levels are divided into three categories: unskilled, semiskilled, and skilled, with a further subdivision of those categories into nine levels: SVP 1 and 2 are unskilled, SVP 3 and 4 are semiskilled, and SVP 5 through 9 are skilled. U.S. Dep't of Labor, DOT, App'x C, Components of the Definition Trailer, § II, 1991 WL 688702 (G.P.O. 4th ed. 1991). An SVP of four indicates a specific vocational preparation time of three months up to and including six months, while an SVP of six requires a specific vocational preparation time of more than one year up to and including two years. *Id.*

Based upon the VE's testimony and the other record evidence, the ALJ concluded that the Plaintiff could handle the duties and responsibilities of his previous position as a restaurant host. (R. 27–28). In support of this conclusion, the ALJ cited the VE's testimony that the Plaintiff's restaurant host job required "light exertion[al] work with a[n] SVP of [six] but was actually performed by the [Plaintiff] as a[n] SVP of [four]." (R. 27). The ALJ additionally referenced the VE's testimony in finding that an individual with the Plaintiff's RFC would be able to engage in the "[r]estaurant [h]ost [occupation] as [it is] actually *and* generally performed. . . ." (R. 28) (emphasis added).

By way of his first challenge, the Plaintiff now takes issue with the ALJ's determination in several respects. The Plaintiff initially contends that he could not serve as a restaurant host as that occupation is generally carried out in the national economy. (Doc. 16 at 5–7). To buttress this claim, the Plaintiff points to the VE's testimony that the restaurant host job as the Plaintiff performed it was reduced to an SVP four from the DOT's description, which provided for an SVP six. *Id.* at 5.

The problem with the Plaintiff's argument is that although the VE testified the Plaintiff's host position at Olive Garden differed from the restaurant host occupation detailed in the DOT (insofar as the Plaintiff's position at the Olive Garden lacked a supervision component), the VE opined that a hypothetical person with the Plaintiff's RFC could fulfil the duties and responsibilities of that prior job. (R. 56). Notably, the Plaintiff does not contest the ALJ's RFC determination, nor does he assert that the ALJ failed to include all of the Plaintiff's limitations in the hypothetical he posed to

9

the VE. Under the circumstances, the VE was not required to specify whether the restaurant host position could be performed as the Plaintiff engaged in it or as it is generally performed. *See Rivera-Cruzada v. Berryhill*, 2017 WL 6349798, at *4 (M.D. Fla. Aug. 8, 2017) ("The fact that the VE did not expressly state whether [the claimant] could perform the past relevant work as actually performed or a[s] generally performed is inconsequential. An ALJ's reliance on the VE[']s testimony about past relevant work is proper, so long as the VE's opinion was based on the RFC and hypothetical questions entailing all of the [claimant's] impairments.") (citations omitted), *aff'd sub nom.*, *Rivera-Cruzada v. Comm'r of Soc. Sec.*, 741 F. App'x 737 (11th Cir. 2018) (per curiam). As a result, the ALJ properly relied on the VE's testimony in addressing the past relevant work issue, and this testimony constitutes substantial evidence bolstering the ALJ's finding on the matter. *Id.*; *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam) (explaining that a VE's testimony amounts to substantial evidence where the ALJ poses a hypothetical which comprises all of the claimant's impairments); *Hennes*, 130 F. App'x at 346 (concluding that the ALJ properly utilized VE testimony, along with other evidence in the record, in determining that the claimant could perform her past relevant work).

The Plaintiff alternatively contends as part of his first challenge that he could not meet the demands of the restaurant host position as he actually performed it given the amount of weight he was required to lift and the frequency with which he had to carry chairs and put tables together. (Doc. 16 at 7). The Court need not resolve this contention, however, in light of its conclusion that there is sufficient evidence

10

buttressing the ALJ's determination that the Plaintiff could handle the duties and responsibilities of the restaurant host position as it is generally performed throughout the country. (R. 27, 56).

The Plaintiff's final argument in support of the first claim of error is that his work as a restaurant host was actually a composite job. (Doc. 16 at 7). The SSA defines a composite job as one "that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Smith*, 743 F. App'x at 954 (quoting Social Security Ruling 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)). Past relevant work may qualify as a composite job under this definition "'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'" *Id.* (quoting Program Operations Manual System DI 25005.020). In the end, it is a claimant's responsibility to establish that his prior occupation is a composite job. *Id.*

The Plaintiff does not satisfy his burden here. To begin, during the administrative process, Plaintiff's counsel did not object to the classification of the Plaintiff's past relevant work as a restaurant host, nor did he raise the issue of whether his host position was a composite job. A number of courts have found that a claimant's failure to make a composite job argument before the agency forecloses the claimant from pursuing that claim on appeal. *See, e.g., Sumlin v. Saul*, 2020 WL 7232240, at *8 (M.D. Fla. Nov. 23, 2020) (finding the claimant's past position was not a composite job in part because the claimant "did not object to the VE's testimony, nor [did she] raise the possibility that her work was not past relevant work or a composite job at her

11

. . . hearing"), *report and recommendation adopted*, 2020 WL 7229746 (M.D. Fla. Dec. 8, 2020); *Schmidt v. Comm'r of Soc. Sec.*, 2018 WL 3805863, at *6 (M.D. Fla. Aug. 10, 2018) (determining that the ALJ did not err in defining the claimant's past relevant work as including the position of accounting clerk where the claimant did not object to the VE's testimony that her past relevant work included that job).

The Plaintiff's composite job argument is lacking in another respect as well. In his memorandum, the Plaintiff fails to identify the particular tasks he performed that went beyond those usually required of a restaurant host. (Doc. 16 at 7). The Plaintiff also does not propose any other jobs under the DOT that the ALJ should have considered besides the host position. *Id.* The perfunctory nature of the Plaintiff's argument provides a further basis for deeming him to have waived that claim. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (finding that a party abandons a claim when, among other things, he "raises it in a perfunctory manner without supporting arguments and authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Soc. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.") (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (stating that a plaintiff waived an argument "because he did not

elaborate on [the] claim or provide citation to authority about [it]") (citing *Cheffer v. Reno*, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995)).

Given the foregoing, the Court need not address the Plaintiff's remaining challenge relative to his previous job as a sales driver. *See Scharber v. Comm'r of Soc. Sec.*, 411 F. App'x 281, 283 (11th Cir. 2011) (per curiam) (declining to consider whether the ALJ erred in determining that the claimant could perform a prior job as it was generally performed in the national economy because substantial evidence supported the ALJ's alternative determination that the claimant could engage in past relevant work as it was actually performed); *Brakefield v. Comm'r of Soc. Sec.*, 2024 WL 303060, at *4 (M.D. Fla. Jan. 26, 2024) ("Because [the claimant] can perform her past relevant work as it is generally performed, it is irrelevant whether there are other jobs in the national economy for her. And the [c]ourt need not address [the claimant's] argument that she cannot perform the other jobs cited by the ALJ.") (internal citations omitted); *Howdeshell v. Comm'r of Soc. Sec.*, 2021 WL 5496165, at *17 (M.D. Fla. Nov. 5, 2021) ("[B]ecause the [u]ndersigned finds that the ALJ did not err in finding that [the claimant] could perform her past relevant work as a medical records clerk, the ALJ's error in finding that she could perform the position of bookkeeper . . . [,] which cannot constitute past relevant work[,] does not require remand."), *report and recommendation adopted*, 2021 WL 5494444 (M.D. Fla. Nov. 23, 2021).

## IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

    2.    The Clerk of Court is directed to enter Judgment in the Commissioner's favor and to close the case.

    SO ORDERED in Tampa, Florida, this 22nd day of March 2024.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record